IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rasima N.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Defendant. | No. 21 C 2599 <br><br> Magistrate Judge Beth W. Jantz |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Rasima N.'s application for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c). For the reasons that follow, Plaintiff's motion for summary judgment [dkt. 13, Pl.'s Mot.] is granted, and the Commissioner's cross-motion for summary judgment [dkt. 16, Def.'s Mot.] is denied. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] In accordance with Internal Operating Procedure 22, Privacy in Social Security Opinions, the Court refers to Plaintiff by her first name and the first initial of her last name.

**BACKGROUND**

I. **Procedural History**

On July 9, 2019, Plaintiff filed a claim for DIB, alleging disability since October 22, 2018, due to herniated discs and depression. [Dkt. 12-1, R. 58, 86.] Plaintiff's claim was denied initially and again upon reconsideration. [R. 59-69, 71-83.] Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 12, 2020. [R. 32-57.] Plaintiff appeared by telephone (due to the COVID-19 pandemic), testified at the hearing and was represented by counsel. [R. 34-35.] Vocational expert ("VE") Sandra Smith-Cordingly also testified. [R. 52-56.] On December 17, 2020, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. [R. 12-31.] The Social Security Administration Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner. [R. 1-6.]

II. **The ALJ's Decision**

The ALJ analyzed Plaintiff's claim in accordance with the Social Security Administration's five-step sequential evaluation process. [R. 16-17.] The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of October 22, 2018. [R. 17-18.] At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spine. [R. 18.] The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal one of the Social Security Administration's listings of impairments (a "Listing"). [R. 20-21.] Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations:

> no climbing ladders, ropes, or scaffolds and no crawling; occasional stooping, crouching, kneeling, and climbing ramps or stairs; no work on narrow, slippery or

> moving surfaces; occasional use of left upper extremity for overhead reaching; avoid all exposure to extremes of cold; and no work at unprotected heights or with dangerous moving machinery.

[R. 21-25.] At step four, the ALJ concluded that Plaintiff would not be able to perform her past relevant work. [R. 25.] At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act. [R. 25-26.]

## DISCUSSION

### I.  Judicial Review

Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine disability within the meaning of the Social Security Act, the ALJ conducts a five-step inquiry, asking whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the RFC to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 416.920(a). "A finding of disability requires an affirmative answer at either step three or step five." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005). "The claimant bears the burden of proof at steps one through four, after which at step five the burden shifts to the Commissioner." *Id.*

Because the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner and is reviewable by this Court. 42 U.S.C. § 405(g); *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). Judicial review of the ALJ's decision is limited to determining whether it adequately discusses the issues and is based upon substantial evidence and the proper legal criteria. *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation omitted). "To determine whether substantial evidence exists, the court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses." *Beardsley v. Colvin*, 758 F.3d 834, 836-37 (7th Cir. 2014). While this review is deferential, "it is not intended to be a rubber-stamp" on the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The Court will reverse the ALJ's finding "if it is not supported by substantial evidence or if it is the result of an error of law." *Id.* at 327.

The ALJ has a basic obligation both to develop a full and fair record and to "build an accurate and logical bridge between the evidence and the result [so as] to afford the claimant meaningful judicial review of the administrative findings." *Beardsley*, 758 F.3d at 837; *see also Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022). Although the ALJ is not required to mention every piece of evidence in the record, the ALJ's analysis "must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001); *accord Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). The ALJ "must explain [the ALJ's] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe*, 425 F.3d at

4

351). Thus, even if reasonable minds could differ as to whether the claimant is disabled, courts will affirm a decision if the ALJ's opinion is adequately explained and supported by substantial evidence. *Elder*, 529 F.3d at 413.

## II. Analysis

Plaintiff argues that the ALJ: (1) erred in not finding that Plaintiff met Listing 1.04 for disorders of the spine, (2) did not consider or improperly discounted Plaintiff's other impairments at Step Two and, (3) failed to consider Plaintiff's other limitations in the RFC analysis at Step Four and therefore erred in concluding that Plaintiff could perform sedentary work. [Dkt. 13, Pl.'s Mem. at 4-16; dkt. 18, Pl.'s Reply at 2-8.] Because the Court agrees with Plaintiff that the ALJ's RFC analysis was flawed, the Court reverses and remands for further proceedings.

### a. The ALJ's Consideration of Plaintiff's Other Limitations in the RFC

Plaintiff argues that the ALJ erred in the RFC analysis by failing to consider a long list of symptoms and medical impairments, including radiculopathy, sciatica, weakness in lower left extremities, bladder incontinence, nervousness and anxiety, depression, dizziness, neck pain, left arm radiculopathy, left buttocks pain, decreased core and hip strength, and noticeable foot drop with the left leg shorter than the right. [Dkt. 13 at 11-13.] Plaintiff essentially makes this same argument three different ways: the ALJ erred by not including all of Plaintiff's limitations in the hypothetical presented to the vocational expert, the ALJ failed to include all of Plaintiff's limitations in the RFC finding, and the ALJ erred in finding that Plaintiff could perform sedentary work. [Dkt. 13 at 11-15.] All of these arguments come down to essentially the same point, which is that Plaintiff believes the ALJ did not consider all of her symptoms and limitations in crafting the RFC analysis.

5

Contrary to Plaintiff's arguments, the ALJ's Step Four analysis *did* discuss Plaintiff's reports of ongoing pain in her left buttock, thigh and leg [R. 22], neck and left arm pain [24], and ongoing weakness and sensory changes in the left lower extremity [R. 23, 24], all of which the ALJ accommodated by limiting Plaintiff to sedentary work with only occasional overhead reaching with the left upper extremity with no climbing ladders, ropes, or scaffolds or crawling. [R. 24.] While the ALJ did not discuss bladder incontinence or dizziness, Plaintiff only points to a single instance where each of those symptoms was reported in her medical records—she experienced bladder incontinence due to pain *once* on November 5, 2018, just before her first lumbar surgery [R. 295], and reported dizziness *due to hunger* while in the hospital for her second surgery on May 13, 2019 [R. 361, 365]. Plaintiff does not point to any evidence that these symptoms ever were repeated again, or that they would impair her ability to work. Plaintiff also points to medical notes that she has a noticeable foot drop with the left leg shorter than the right— and states that this is typically caused by a herniated disc in the spine [Dkt. 13 at 8]—but Plaintiff fails to explain how this would limit her ability to engage in sedentary work. *See Cynthia T. v. Saul*, No. 18 C 50288, 2020 WL 564223, at *6 (N.D. Ill. Feb. 5, 2020) ("Plaintiff cites pieces of evidence that she believes support further visual limitations, but plaintiff fails to specifically identify what limitation should have been added to plaintiff's RFC to address these pieces of evidence"). The Court therefore does not find that the ALJ erred in the RFC analysis with regards to these symptoms and limitations.

The Court does, however, agree with Plaintiff that the ALJ failed to discuss whether Plaintiff's diagnosis of depression and symptoms of anxiety and irritability required any limitations as part of the RFC analysis. [Dkt. 13 at 12-13; Dkt. 18 at 5-6.] Plaintiff points out that while the ALJ stated at Step Two that Plaintiff's feelings of depression, anxiety, and irritability at

6

times would support mild limitations in interacting with others and concentrating, persisting or maintaining pace, the ALJ did not discuss these limitations in the RFC analysis or incorporate them into the RFC finding. [R. 19.] While generally the ALJ is not required to "repeat a discussion throughout [the] decision" that "would be redundant," *Jeske,* 955 F.3d at 590, the ALJ here included the following boilerplate language at the end of the Step Two analysis:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment.

[R. 20.] In light of this language, the Court would overreach by reading the opinion as a whole. *See Anthony W. v. Kijakazi,* No. 20 C 6209, 2022 WL 1062334, at *3 (N.D. Ill. Apr. 8, 2022) (noting that "[c]ourts in this circuit have found such language at the end of the step two analysis causes confusion"). Likewise, many courts in this Circuit have remanded where the ALJ used this exact same language at Step Two yet failed to offer any analysis connecting the limitations found at Step Two with the RFC analysis at Step Four. *See, e.g., id.* (*citing Alesia v. Astrue,* 789 F. Supp. 2d 921, 933 (N.D. Ill. 2011); *Iora P. v. Berryhill,* No. 18 C 3640, 2019 WL 1112272, at *4 (N.D. Ill. Mar. 11, 2019)*; Lawonda P. v. Kijakazi,* No. 20-CV-2573, 2021 WL 3418847, at *5 (N.D. Ill. Aug. 5, 2021)*; Barbara B. v. Kijakazi,* No. 20 CV 547, 2021 WL 5937766, at *2 (N.D. Ill. Dec. 16, 2021)).

This is not to say that the ALJ was required to incorporate additional limitations into the RFC—they may or may not have been warranted based on the record evidence. The Court notes that Plaintiff's own provider found that she had no limitations with understanding, remembering, and carrying out instructions and only slight limitations in interacting with others and responding appropriately to work pressures and changes in routine work setting. [R. 779-80.] But given the

language the ALJ used at Step Two, the ALJ was required to revisit in the RFC analysis the mild limitations she found were caused by Plaintiff's mental impairment at Step Two. "If the ALJ intended to incorporate restrictions caused by Claimant's mild mental limitations into the RFC, she was obligated to explain how she did so. Conversely, if the ALJ believed that the mild mental limitations did not merit a non-exertional limitation in the RFC, she was obligated to explain that conclusion." *Thomas G. v. Kijakazi,* No. 20-CV-5860, 2022 WL 4234967, at *5 (N.D. Ill. Sept. 14, 2022). The Court finds that this error requires remand.

**b. The ALJ's Dismissal of Plaintiff's Reported Sitting Limitations in the RFC Analysis**

Plaintiff also argues that the ALJ erred in finding that she could perform sedentary work, in part because the ALJ dismissed Plaintiff's reports that she could not sit for more than 30 minutes without needing to change positions due to her lumbar spine impairment. [Dkt. 15 at 15.] The Court agrees that the ALJ's analysis of this limitation is not supported by substantial evidence, and this error also requires remand.

In evaluating a claimant's RFC, the ALJ is required to consider statements by medical sources about what the person can still do, whether or not they are based on formal medical examinations, as well as descriptions and observations of the claimant's limitations resulting from symptoms, such as pain, that are provided by the claimant and other people. 20 C.F.R. § 404.1545(a)(3). Here, Plaintiff testified that she experienced pain in her lower back if she sat for more than 30 minutes [R. 46], and her medical records corroborate this statement. Even after her second lumbar surgery, she continued to report to her rehabilitation and physical therapy providers that sitting aggravated her back pain. [R. 453 (reporting sitting tolerance at 20 minutes or less in March 2019), 459-60 (reporting same in April 2019, has to sit sideways or on the front of the chair), 405 (reporting in October 2019 that back pain was aggravated by sitting more than 20-30

8

minutes), 467 (reporting she has to sit a certain way to reduce irritation of back), 715 (reporting that pain increased after 30 minutes of sitting in August 2020); 788 (reporting same in September 2020).]

Nonetheless, the ALJ dismissed Plaintiff's report of needing to change sitting positions every 30 minutes because Plaintiff was not noted to be "fidgety or changing position" during doctor's examinations. [R. 23.] The ALJ did not cite any particular treatment visits to support this statement, and even if she had, there is no indication that the referenced doctors' examinations continued for more than 30 minutes. Thus, the ALJ did not support her rejection of Plaintiff's reported limitation on prolonged sitting with substantial evidence. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004) (an ALJ's factual findings must be supported by "substantial evidence," meaning evidence that "a reasonable person would accept as adequate to support the conclusion"); *see also Minnick v. Colvin*, 775 F.3d 929, 938 (7th Cir. 2015) (the ALJ "must adequately articulate her analysis so that we can follow her reasoning").

While the ALJ did ask the vocational expert about a sit/stand option allowing Plaintiff to switch positions every 45 minutes, [R. 53-54], the ALJ did not incorporate that into the RFC analysis. The vocational expert testified that the same jobs would still be available to Plaintiff even with a 45-minute sit/stand option. The ALJ did not explain why this limitation was not incorporated into the RFC analysis, nor did the ALJ explain why she picked a 45-minute sit/stand interval as opposed to the 20-30 minutes reported by Plaintiff at the hearing and in her treatment records. It may be the case that a sit/stand option every 30 minutes would have no effect on the outcome here, just as the VE's testimony indicated that a 45-minute sit/stand option would not change or limit the jobs available to Plaintiff based on the ALJ's ultimate RFC finding. But because the ALJ did not ask a hypothetical that matched the evidence presented, the

9

Court cannot find harmless the ALJ's failure to support her rejection of Plaintiff's subjective reports with substantial evidence, and this error also requires remand.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [dkt. 13] is granted, and the Commissioner's motion for summary judgment [dkt. 16] is denied. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**

Date: 9/21/23

*/s/ Beth W. Jantz*

BETH W. JANTZ
United States Magistrate Judge